IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VANESSA STAR ROYAL,

    Petitioner,

v.                                        Case No. 4:23-cv-104/MW/MAL

WARDEN GABBY,
F.C.I. TALLAHASSEE

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Vanessa Star Royal initiated this case in March of 2023 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. In May of 2023, she filed an amended petition in which she claimed her offense of conviction is no longer a violent offense and she should not be disqualified from earning sentencing credits under the First Step Act (FSA). This case is before me on the Warden's response in opposition to the amended § 2241 petition. ECF No. 11. Royal did not file a reply, despite having been afforded the opportunity to do so.

After careful consideration of the petition, the Warden's response, and relevant law, I recommend the § 2241 petition be denied because Royal did not exhaust her administrative remedies before filing her petition and her claim is otherwise without merit.

Page 1 of 9

## I. BACKGROUND

In May of 2022, Petitioner Royal was sentenced in the Eastern District of North Carolina, Case 7:21cr68-BO, to a term of 84 months and one day's imprisonment after pleading guilty to "bank robbery and aiding and abetting" in violation of 18 U.S.C. §§ 2113(a), (d), and 2; and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii), and 2. ECF No. 41. She is currently in custody at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of April 10, 2027. *See* https://www.bop.gov/inmateloc/.

## II. DISCUSSION

In her amended petition, dated May 1, 2023, Royal raises a single ground for relief. She claims the Bureau of Prisons (BOP) has misclassified her as being unable to receive FSA credits due to her offenses of conviction. ECF No. 8 at 3. In response to the question about exhaustion of administrative remedies, she states that she received "no response from the Warden." *Id.* at 3.

In his response, the Warden contends the amended petition is subject to dismissal because Royal did not fully exhaust her administrative remedies. ECF No. 11. The Warden further notes that even if she had exhausted, Royal is statutorily

barred from earning FSA credit due to her current convictions. Royal has presented nothing to rebut the Warden's response.

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and procedural rules. *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate

may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins*, 819 F. App'x at 856. If the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 11-2 at ¶ 2. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id*. at ¶ 4. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* If a remedy

is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for the rejection. 28 C.F.R. § 542.17(b).

### B. Royal has not exhausted her administrative remedies.

The Warden has presented uncontroverted evidence, in the form of a declaration signed by Keyshana Murphy, Associate Warden's Secretary at FCI Tallahassee, and attachments thereto, that Royal has not properly exhausted her administrative remedies. ECF No. 11-2.

Ms. Murphy states in her declaration dated June 26, 2023, that her review of the SENTRY database reflects Royal has filed only one formal administrative remedy during her incarceration. ECF No. 11-2 at ¶ 5. In that remedy, a BP-9 filed with the Warden, Royal asserted she should be eligible for FSA time credits because the Supreme Court had ruled that offenses under 18 U.S.C. § 924(c) were "non-violent." *Id.* at ¶ 6. Contrary to Royal's statement in her amended petition that the Warden did not respond, the Warden responded, denying her request for administrative remedy. ECF No. 11-2 at ¶ 7; ECF No. 11-2 at 13. Royal was advised of her right to appeal the decision to the Regional Director, but she did not do so. ECF No. 11-2 at ¶ 7; ECF No. 11-2 at 13. Even if Royal did not receive a response from the Warden as claimed, Royal could have filed an appeal to the Regional Director. *See* 28 C.F.R. § 542.18 (allowing an inmate to consider the absence of a

timely response as a denial and to proceed to the next level of the administrative remedy process). But Royal filed no other administrative remedies on any subject. ECF No. 11-2 at ¶ 8.

Therefore, because Royal did not properly complete all levels of the BOP's administrative remedy process before filing for habeas relief and the Warden has not waived the defense of exhaustion, her petition is subject to dismissal on that basis.

C. **Royal's Unexhausted Claim is also without Merit**

Although the Warden has established that the amended petition should be dismissed for Royal's failure to exhaust her administrative remedies, he also argues her claim is without merit. The Warden is correct.

As noted above, Royal was convicted of a violation of § 924(c). The FSA specifically excludes from eligibility for time credits any individuals convicted of violations of § 924(c) relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). For this reason alone, Royal is statutorily ineligible to receive FSA time credits.

Royal nonetheless argues that pursuant to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), her conviction for aiding and abetting is not a crime of violence. *Taylor* held that attempted Hobbs Act robbery is not a

crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) because "it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Taylor*, 596 U.S. at 851. The holding in *Taylor* applies to individuals who were charged with a § 924(c) offense predicated on attempted Hobbs Act robbery, not to individuals such as Royal, whose underlying offense was armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). *See* E.D. N.C. Case 7:21cr68, ECF No. 41 at 1. Therefore, *Taylor* does not afford her relief.

Accordingly, it is respectfully RECOMMENDED:

1. Royal's amended petition under 28 U.S.C. § 2241 (ECF No. 8) be DISMISSED for failure to exhaust her administrative remedies or alternatively DENIED as she is not entitled to relief.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 19, 2024.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.